NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

LINDA MONRO, INDIVIDUALLY AND AS EXECUTRIX OF THE ESTATE OF DONALD B. MONRO,

Plaintiff,

v.

SUN LIFE FINANCIAL GROUP, ET AL.,

Defendants.

Civil Action No. 17-8663 (MAS) (TJB)

MEMORANDUM ORDER

This matter comes before the Court upon two motions to dismiss filed by: (i) Sun Life Financial Group ("Sun Life") (ECF No. 8); and (ii) Mistras Group, Inc. ("Mistras Group") (ECF No. 10) (collectively, "Defendants"). Plaintiff did not file opposition to the Motions.[1]

This dispute concerns two life insurance policies covering Donald B. Monro ("Monro"), which were issued by Sun Life and provided to Monro through his employer, Mistras Group. (Compl. ¶ 1, ECF No. 1-1.) After Monro passed away, Defendants did not remit the sums due under the policies to the estate. (*See generally* Complaint.) Plaintiff filed suit on August 2, 2017 in the Superior Court of New Jersey, Law Division, Monmouth County, through a four-count

---

[1] After Plaintiff failed to timely oppose the Motions, the Court entered an Order that: (1) provided Plaintiff a final opportunity to file opposition; and (2) indicated that if Plaintiff failed to file opposition, the Motions would be deemed unopposed. (Jan. 10, 2018 Text Order.) Plaintiff, nevertheless, still failed to file opposition. Furthermore, Plaintiff's counsel failed to register for the District Court's mandatory Electronic Filing system following the Court's November 20, 2017 notification that "Electronic Filing became mandatory on January 31, 2005, for all civil and criminal cases other than pro se cases." (Nov. 20, 2017 Notification, ECF No. 12.)

Complaint, alleging breach of contract, negligence and unjust enrichment.[2] (*Id.*) Sun Life removed the matter to this Court[3], citing federal question jurisdiction pursuant to the Employee Retirement Income Security Act ("ERISA"). (Notice of Removal ¶¶ 4, 6-8, ECF No. 1.) Defendants subsequently filed their Motions.

As Plaintiff failed to oppose Defendants' Motions, the Court will not set forth Defendants' arguments or provide its legal analysis in detail and will simply enter its findings. After careful consideration of the Complaint's allegations, Defendants' arguments, the underlying policy[4], and the relevant case law, the Court finds that Defendants have demonstrated good cause for dismissal of Plaintiff's complaint as pre-empted by ERISA.[5] The Court, however, does not find Defendants' arguments with respect to dismissal with prejudice persuasive.[6] Here, the Court finds good cause to provide Plaintiff the opportunity to file an amended complaint that sets forth a federal claim.

---

[2] The factual allegations in the Complaint are sparse and the Counts appear to overlap.

[3] The Notice of Removal provided that Mistras Group had not yet been served so its consent to removal was not necessary. (Notice of Removal ¶ 12.)

[4] The Court may consider "undisputedly authentic document[s] that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the documents." *Pension Benefit Guar. Corp. v. White Consol. Indus.*, 998 F.2d 1192, 1196 (3d Cir. 1993) (citations omitted).

[5] The Court notes that even if Plaintiff arguably raised a state law claim, the Complaint contains such sparse and general allegations that it would, nevertheless, be subject to dismissal for failure to state a claim. *See Lin v. Chase Card Servs.*, No. 09-5938, 2010 WL 1265185, at *2 n.2 (D.N.J. Mar. 26, 2010) (holding that Rule 8(a)'s pleading requirements apply to a complaint originally filed in state court and subsequently removed to federal court); and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (stating that "[f]actual allegations must be enough to raise a right to relief above the speculative level").

[6] For example, Sun Life argues that "a plaintiff cannot seek relief in the federal courts for an ERISA claim unless she has first exhausted administrative remedies under the particular ERISA plan." (Sun Life's Br. 5, ECF No. 8-4.) As stated by the Third Circuit in *D'Amico v. CBS Corp.*, 297 F.3d 287, 291 (3d Cir. 2002), however, one of the cases cited by Sun Life in support of its argument that Plaintiff's Complaint should be dismissed with prejudice for failure to exhaust, "[t]he

Accordingly,

IT IS on this 21st day of May 2018, **ORDERED** that:

1. Defendants' Motions (ECF Nos. 8, 10) are **GRANTED**.

2. Plaintiff's Complaint is dismissed without prejudice. Plaintiff shall have until **June 15, 2018** to file an Amended Complaint.[7] If Plaintiff fails to timely file an Amended Complaint, the Complaint will be dismissed with prejudice.

s/ Michael A. Shipp<br>
MICHAEL A. SHIPP<br>
UNITED STATES DISTRICT JUDGE

---

exhaustion requirement is a[n] . . . affirmative defense" and the "doctrine's futility exception involves a discretionary balancing of interests."

[7] Plaintiff's counsel must also register for the mandatory Electronic Filing system by **June 15, 2018**.